IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VITALIY STRIZHEUS AND NATALIYA STRIZHEUS,<br><br>    Plaintiffs,<br><br>v.<br><br>STACY KOOISTRA as CITY ATTORNEY for the CITY OF SIOUX FALLS; NEIL KING as BUILDING INSPECTION MANAGER for the CITY OF SIOUX FALLS; and THE CITY OF SIOUX FALLS, SOUTH DAKOTA,<br><br>    Defendants. | CASE NO. 23-cv-4028 _____<br><br>**COMPLAINT AND JURY DEMAND** |

The Plaintiffs, for their Complaint against the Defendants, state:

**ALLEGATIONS COMMON TO ALL COUNTS**

1.  The Plaintiffs, Vitaliy Strizheus and Nataliya Strizheus, are husband and wife and are residents of Sioux Falls, Lincoln County, South Dakota.

2.  The Defendant, Stacy Kooistra, ("Kooistra") is the City Attorney for the City of Sioux Falls, South Dakota, and, at all times material hereto was acting in her official capacity under color of state law.

3.  The Defendant, Neil King, ("King") is the Building Inspection Manager for the City of Sioux Falls, South Dakota, and, at all times material hereto, was acting in his official capacity under color of state law.

1

4. The Defendant, City of Sioux Falls, ("City") is a municipality organized and existing under the laws of the State of South Dakota and is responsible for the official acts of its co-defendants under the doctrine of *respondeat superior.*

5. The court has jurisdiction of this matter pursuant to 28 U.S.C. Sec. 1331 as Plaintiffs' claims arise under the Constitution and laws of the United States. The court has jurisdiction over the Plaintiffs' claims arising under the laws or Constitution of the State of South Dakota under principles of supplemental jurisdiction under 28 U.S.C. Sec. 1367.

6. Venue is proper in this district as the wrongdoing alleged herein occurred in this district and thus a "substantial part of the actions or omissions giving rise to [these claims]" occurred in this district within the meaning of 28 U.S.C. Sec. 1391(b)(2).

7. In 2013 Plaintiffs purchased land at 6800 S. Westfield in Sioux Falls to construct a family home. On August 12, 2013 a building permit was issued by the City.

8. The Plaintiffs commenced construction on what has become a $2.75 million. (See Ex. 1 attached hereto, true and correct copies of the home as it stands today). Construction stalled in 2015 for financial reasons. Between 2013 and October 2021 the City issued a total of eight permits for Plaintiffs to continue construction of the home.

9. On August 31, 2016, the City found the home to be an "unsafe structure" pursuant to City Ordinance Sec. 150.096.

10. The City issued a notice of demolition ordering Plaintiffs to begin demolition of the home pursuant to Sec. 150.096. Sec. 150.096 provides:

> **The code official shall order the owner or the owner's authorized agent of any premises upon which is located any structure, which in the code official's or owner's authorized agent judgment after review is so deteriorated or dilapidated or has become so out of repair as to be dangerous, unsafe, insanitary, or otherwise unfit for human habitation or occupancy, and such that it is unreasonable to repair the structure, or**

**to demolish and remove such structure; or if such structure is capable of being made safe by repairs, to repair and make safe and sanitary, or to be board up and hold for future repair or to demolish and remove at the owner's option; or where there has been a cessation of normal construction of any structure for a period of more than 18 months, the code official shall order the owner or owner's authorized agent to demolish and remove such structure.**

11.  The Plaintiffs appealed the order for demolition to the Property Maintenance Board of Appeals and the Board granted Plaintiffs an extension until December 1, 2016 to complete the exterior of the home.  The Plaintiffs remained in possession of a valid building permit issued by the City.

12.  On September 22, 2017 the City issued an amended notice and order of demolition under Sec. 150.096, requiring demolition by November 11, 2017.

13.  On December 10, 2018 the City filed a complaint in South Dakota Circuit Court ("Circuit Court") to enforce the ordinance and the order of demolition.  In response to the complaint, Plaintiffs applied for and received another building permit for the property from the City.

14.  The City filed a motion for summary judgment in the Circuit Court action.  The Plaintiffs appeared pro se.  After hearing on December 28, 2021 the Circuit Court granted the City summary judgment enforcing the demolition order on January 7, 2022.  Upon appeal by Plaintiffs, the South Dakota Supreme Court affirmed the decision of the Circuit Court on December 29, 2022.

15.  Since at least December 28, 2021, the date of the summary judgment hearing, the City has been aware that construction work at the home has been ongoing.  The City never requested that construction cease and never rejected any requests by Plaintiffs to finish construction.

16. At the present time the exterior of the home and all landscaping has been completed. The interior electrical, plumbing, and drywall are finished. The interior is ready for painting and other finish work. The home is not "so deteriorated or dilapidated" or "so out of repair as to be dangerous, unsafe, insanitary, or otherwise unfit for human habitation or occupancy" within the meaning of Sec. 150.096 relied on by the City.

17. The home has a present value of approximately $2.75 million.

18. In January, 2023, Plaintiffs proposed to the City that the property be sold to a third party who would agree to complete construction by the end of 2023. The City rejected this proposal.

19. The City has advised Plaintiffs by letter that the City will begin demolition of Plaintiffs' home on February 27, 2023.

## COUNT I-EXCESSIVE FINE AND TAKING WITHOUT COMPENSATION

20. Plaintiffs reallege paragraphs 1-19 of the complaint and incorporate them here.

21. The Eighth Amendment to the Constitution of the United States, and Section 23 of Article VI of the Constitution of the State of South Dakota prohibit imposition of Excessive fines. The Fifth Amendment to the Constitution of the United States and Section 16 of Article VI of the South Dakota Constitution guarantee that private property shall not be taken without just compensation. Both federal constitutional provisions have been made applicable to states and their subdivisions (including cities) by the Fourteenth Amendment to the Constitution of the United States.

22. Demolition of the Plaintiffs' $2.75 million home would be an unconstitutional excessive fine and both a physical and regulatory taking without compensation for violation of what is essentially a "nuisance" ordinance.

23. Plaintiffs' home does not currently meet the definition of deteriorated, dilapidated or out of repair under Sec. 150.096, and demolition under these circumstances, and in light of the Defendants allowing construction to continue after the Circuit Court judgment, is an unconstitutional application of the ordinance as an excessive fine and an unconstitutional taking. Section 150.096 is also facially unconstitutional insofar as it gives City officials unfettered discretion to order demolition of property without regard to the severity of the alleged violation and/or the value of the property.

24. A preliminary injunction should issue to prevent imposition of this excessive fine and unconstitutional taking while the merits of this action are tried and determined, and a permanent injunction issued thereafter preventing the City from demolishing the Plaintiffs' home. Because each parcel of real property is inherently unique, principles of Equity allow for injunctive relief.

WHEREFORE, Plaintiffs pray that the court preliminarily and permanently enjoin the City from enforcing an excessive fine and engaging in an unconstitutional taking by demolition of Plaintiffs' home, any other just relief, and costs of this action.

**COUNT II-42 U.S.C. Sec. 1983 AND SOUTH DAKOTA Const. Art. VI, Sec. 18**

25. Plaintiffs reallege paragraphs 1 through 24 of this complaint and incorporate them here.

26. Defendants, Kooistra and King, acting under color of state and City law, have deprived Plaintiffs of Equal Protection under the law as guaranteed by the Fourteenth

Amendment to the Constitution of the United States, and Section 18 of Article VI of the South Dakota Constitution, by subjecting Plaintiffs to discrimination based on their national origin as Ukrainian immigrants in the application and enforcement of said ordinance, as follows:

    a. By referencing their national origin in meetings with Plaintiffs' attorneys concerning the City's enforcement action.

    b. By suggesting that some of Plaintiffs' neighbors prefer not to have Ukrainian neighbors and engaging the assistance of some of said neighbors in making false and/or misleading statements in the Defendants' drive to have Plaintiffs' house demolished including but not limited to statements made to the Circuit Court.

    c. By making references to the "Russian Mafia" when discussing Plaintiffs with their attorneys.

27. Plaintiffs' national origin was a substantial motivating factor in Defendants' drive to demolish the Plaintiffs' home.  Upon information and belief, Plaintiffs allege that structures owned or occupied by persons falling within constitutionally protected classes are more frequently cited and demolished pursuant to Section 150.096.

28. At all times material hereto, said Defendants were acting in their official capacities as employees of the City, and the Defendant City is liable for Defendants' violations of Plaintiffs' civil rights under the doctrine *respondeat superior.*

29. Plaintiffs are entitled to awards of compensatory damages, punitive damages, and attorney fees pursuant to 42 U.S.C. sec. 1988 for this violation of their violation of their civil rights.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, jointly and severally for compensatory damages, punitive damages, attorney fees and expenses, any other just relief, and the costs of this action.

**COUNT III-CONSPIRACY UNDER 42 U.S.C. Sec. 1985 AND CIVIL CONSPIRACY**

30. Plaintiffs reallege paragraphs 1 through 29 of this complaint and incorporate them here.

31. Defendants, Kooistra and King acted in concert with each other, and other as yet unidentified co-conspirators to deprive Plaintiffs of their rights, privileges, and immunities under the Fourteenth Amendment to the Constitution of the United States, by subjecting Plaintiffs to discrimination based on their national origin in the application and enforcement of the City Ordinance 150.096, as more particularly alleged in Paragraph 26 above.

32. Defendants, Kooistra and King acted in concert with each other, and other as yet unidentified co-conspirators, engaged in a civil conspiracy to trespass upon Plaintiffs' land by engaging in illegal actions as alleged above to physically enter and demolish Plaintiffs' property without legal justification.

33. At all times material hereto said defendants were acting in their official capacities as employees of the City, and the Defendant City is liable for Defendants' tortious actions and violations of Plaintiffs' civil rights under the doctrine of *respondeat superior.*

34. Plaintiffs are entitled to awards of compensatory damages, punitive damages, and attorney fees for this violation of their civil rights.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, jointly and severally for compensatory damages, punitive damages, attorney fees and expenses, any other just relief, and the costs of this action.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable herein.

Dated February 17, 2023.

By: /s/ *Emily C. Maurice*
    Emily C. Maurice
    Barry S. Sackett, *pro hac vice forthcoming*
    Goosmann Law Firm, PLC
    2101 W. 69th St., Ste. 200
    Sioux Falls, SD  57108
    Phone: (605) 371-2000
    SackettB@Goosmannlaw.com
    MauriceE@Goosmannlaw.com

    Jeana L. Goosmann
    Paul D. Lundberg, *pro hac vice forthcoming*
    Goosmann Law Firm, PLC
    410 5th Street
    Sioux City, IA 51101
    Phone: (712) 226-4000
    GoosmannJ@Goosmannlaw.com
    LundbergP@Goosmannlaw.com

    Patrick J. Borchers, *pro hac vice forthcoming*
    2500 California Plaza
    Omaha, NE 68178
    Phone: (402) 850-4969
    borcherslaw@gmail.com

    *Attorneys for Defendants Vitaliy and Nataliya Strizheus*

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
VITALIY STRIZHEUS AND NATALIYA STRIZHEUS

**DEFENDANTS**
STACY KOOISTRA as CITY ATTORNEY for the CITY OF SIOUX FALLS; NEIL KING as BUILDING INSPECTION MANAGER for the CITY OF SIOUX FALLS; and THE CITY OF SIOUX FALLS, SOUTH DAKOTA

**(b)** County of Residence of First Listed Plaintiff: Lincoln, SD
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Minnehaha, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Emily C. Maurice, Goosmann Law Firm, PLC, 2101 W. 69th St., Ste. 200, Sioux Falls, SD 57108 (for additional attorneys see Compl.)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS**
**PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [x] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
**Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. Const. amend. VIII - Excessive Fines

Brief description of cause:
Demolition of the Plaintiffs' $4 million home would be an unconstitutional excessive fine.

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** N/A

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):* JUDGE _____ DOCKET NUMBER _____

**DATE:** February 17, 2023

**SIGNATURE OF ATTORNEY OF RECORD:** *Emily Maurice*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____