UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VITALIY STRIZHEUS AND NATALIYA STRIZHEUS,<br><br>Plaintiffs,<br><br>vs.<br><br>STACY KOOISTRA as CITY ATTORNEY for the CITY OF SIOUX FALLS; NEIL KING as BUILDING INSPECTION MANAGER for the CITY OF SIOUX FALLS; and THE CITY OF SIOUX FALLS, SOUTH DAKOTA,<br><br>Defendants. | 4:23-cv-04028-RAL<br><br><br><br>**CITY DEFENDANTS' BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Defendants Stacy Kooistra as City Attorney for the City of Sioux Falls, Neil King as Building Inspection Manager for the City of Sioux Falls, and the City of Sioux Falls, South Dakota (collectively "the City Defendants"), by and through their counsel of record, submit the following as their Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction.

## INTRODUCTION

The Strizheuses have yet to submit a memorandum of law in support of their motion for a preliminary injunction, leaving the Court and the City Defendants largely in the dark on their legal position with respect to their expedited motion for a preliminary injunction. Nevertheless, the City Defendants appreciate the need to present the Court with their legal argument in opposition to the Strizheuses' motion for a preliminary injunction. Thus, the City Defendants respectfully request the opportunity to respond to any legal arguments that the Strizheuses may raise before the preliminary injunction hearing less than 24 hours from now.

1

This dispute has gone on for several years and the facts are well settled. The City ordered the Strizheuses to demolish the unfinished structure in 2016, and again in 2017. The City has received a final judgment ordering the unfinished structure to be demolished based on City Ordinance § 150.096. In this case, in 2023, the Strizheuses—for the first time—raise purported constitutional claims and a § 1983 claim against the City and City officials based on the City's "application and enforcement" of City Ordinance § 150.096. *See.* Doc. 1. While these federal claims have no basis in law or fact on the merits, they are also barred by principles of res judicata. The Strizheuses also seek preliminary (and permanent) injunctive relief to enjoin the demolition of the house. *See* Doc. 3. Under the *Rooker-Feldman* doctrine, this Court does not have subject matter jurisdiction to grant the Strizheuses' request to enjoin, overrule, or stay the demolition of the structure. Lastly, the Strizheuses cannot meet their burden of proof under the *Dataphase* factors. Their motion for a preliminary injunction (Doc. 3) must be denied.

## FACTUAL BACKGROUND

The facts in this matter are not in dispute. *See City of Sioux Falls v. Strizheus*, 984 N.W.2d 119 (S.D. 2022).[1] The Strizheuses own property located at 6800 Westfield Trail in Sioux Falls. In 2013, they applied for and received a building permit from the City to begin constructing a residential house. After the City issued numerous citations and the house remained

---

[1] As a preliminary matter, the City Defendants request that this Court take judicial notice of the entirety of the state-court action under Fed. R. Evid. 201. Rule 201 permits the Court to take judicial notice of adjudicative facts, which includes state court documents and public records. *See Knutson v. City of Fargo*, 600 F.3d 992, 999 (8th Cir. 2010). This request includes the Circuit Court's January 2022 Order and Judgment permitting demolition of the structure, the December 2022 South Dakota Supreme Court's decision affirming that Order and Judgment, the January 2023 Supreme Court Judgment, and the Circuit Court's February 2023 Order Denying Defendants' Motion for a TRO, Preliminary and Permanent Injunction, and Request for Relief under SDCL § 15-6-60(b). *See City of Sioux Falls v. Strizheus*, 984 N.W.2d 119, 124 (S.D. 2022) and 41CIV18-000646.

unfinished, the City ordered the Strizheuses to demolish the structure in 2016. The Strizheuses appealed, the City granted them an extension, but they again failed to complete construction. The City issued an amended order to demolish the structure in 2017. The Strizheuses failed to demolish the structure, so the City commenced an action in the Second Judicial Circuit. The state court granted summary judgment on the merits in favor of the City in January 2022 and issued a final order and judgment ordering the structure to be demolished. The South Dakota Supreme Court affirmed in December 2022 following the Strizheuses' appeal. The Strizheuses then sought a TRO, preliminary and permanent injunction in the Second Judicial Circuit in January 2023, asking the circuit court to stay enforcement of the order to demolish the structure. The Circuit Court denied the Strizheuses' request for injunctive relief and further denied their request for relief under SDCL § 15-6-60(b)(2). The Strizheuses then filed this federal action in this Court and again seek to enjoin enforcement of the order and judgment ordering the structure to be demolished.

STANDARD OF REVIEW

In the Eighth Circuit, the four-factor test set forth in *Dataphase Systems, Inc. v. CL Systems, Inc.*, 640 F.2d 109, 114 (8th Cir. 1981) controls the preliminary injunction analysis. The factors are:

(1) The probability that the movant will succeed on the merits of the claim;

(2) The threat of irreparable harm to the movant;

(3) The balance between the harm to the movant if injunctive relief is denied and the injury to other interested parties that will result if such relief is granted; and

(4) The public interest.

*Id.*

While no single factor is dispositive, the probability of success on the merits is the most significant factor. *Home Instead, Inc. v. Florance*, 721 F.3d 494, 497 (8th Cir. 2013). A preliminary injunction is an "extraordinary remedy," and the burden of establishing that injunctive relief should be awarded rests entirely on the movant. *Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003).

## ARGUMENT

**I.   PLAINTIFFS HAVE FAILED TO SHOW THAT THEY WILL LIKELY SUCCEED ON THE MERITS.**

**A.   Res Judicata Bars all of the Strizheuses' Claims in this Federal Action.**

Principles of res judicata bar Plaintiffs' federal claims, and thus, the Strizheuses are not likely to succeed on the merits of their claims for purposes of their request for a preliminary injunction. Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981). "Federal courts are required 'to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so.' " *Brown v. Kansas City Live, LLC*, 931 F.3d 712, 714 (8th Cir. 2019) (quoting *Allen v. McCurry*, 449 U.S. 90, 96 (1980)).

Here, a final judgment was issued by a South Dakota court, so South Dakota law on res judicata applies. *See Laase v. Cty. of Isanti*, 638 F.3d 853, 856 (8th Cir. 2011) ("The law of the forum that rendered the first judgment controls the res judicata analysis.").

Under South Dakota law, four elements must be satisfied for res judicata to apply:

> (1) the issue in the prior adjudication must be identical to the present issue, (2) there must have been a final judgment on the merits in the previous case, (3) the parties in the two actions must be the same or in privity, and (4) there must have been a full and fair opportunity to litigate the issues in the prior adjudication.

4

*Dakota, Minnesota & Eastern Railroad Corp. v. Acuity*, 720 N.W.2d 655, 661 (S.D. 2006).

Res judicata encompasses the concepts of issue preclusion and claim preclusion. Claim preclusion provides that a final judgment "foreclose[es] litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Healy Ranch, Inc. v. Healy*, 978 N.W.2d 786, 798 (S.D. 2022) (quoting *Am. Family Ins. Grp. v. Robnik*, 787 N.W.2d 768, 774 (S.D. 2010)). The four-part test is applied to both issue preclusion and claim preclusion theories. *Id.* at 799. With respect to claim preclusion, the Court does not look at whether the specific question posed in both actions is the same. *Id.* Rather, the Court is to determine whether the second action "attempts to relitigate a prior determined cause of action." *Id.*

> For purposes of [claim preclusion], a cause of action is comprised of the facts which give rise to, or establish, the right a party seeks to enforce. The test is a query into whether the wrong sought to be redressed is the same in both actions. If the claims arose out of a single act or dispute and one claim has been brought to a final judgment, then all other claims arising out of that same act or dispute are barred.

*Id.* (alteration in original) (internal quotations and citations omitted).

   1. **The Strizheuses did litigate, and should have litigated, these claims in the prior state-court action.**

First, Plaintiffs' Complaint is a poorly-disguised attempt to relitigate the basis for demolition of the house, an issue that was indisputably decided in the prior state court action. Plaintiffs cite to Sioux Falls City Ordinance § 150.096 to allege that the house today is not 'so deteriorated or dilapidated" or "so out of repair as to be dangerous, unsafe, insanitary, or otherwise unfit for human habitation or occupancy." *See* Doc. 1 ¶ 16. First, it should be noted that the City obtained final judgment based on the years-long cessation of normal construction under City Ordinance § 150.096—a wholly different ground for demolition under the applicable ordinance. *See City of Sioux Falls v. Strizheus*, 984 N.W.2d 119, 124 (S.D. 2022) (stating that the

5

"relevant portion of the Ordinance provides that 'where there has been a cessation of normal construction of any structure for a period of more than 18 months, the code official shall order the owner or owner's authorized agent to demolish and remove such structure.' "). Relitigating whether the house is "deteriorated or dilapidated" today is irrelevant.

The South Dakota Supreme Court concluded that the City was entitled to issue its demolition order under City Ordinance § 150.096 in 2017 because of the cessation of normal construction for a period of more than 18 months. *Id.* at 125-26. Moreover, the Court provided that the Strizheuses "failed to present facts showing 'normal construction' or, for that matter, any construction had taken place at the site from the end of 2015 until the amended order for demolition was issued by the City more than eighteen months later, in September 2017." *Id.* at 126.

Thus, the Strizheuses' attempt to relitigate the legal basis for, or the application of, the City's demolition order under City Ordinance § 150.096 is barred under res judicata. These issues have been litigated. They have been appealed. They have been affirmed on appeal. They are explicitly addressed in a final judgment on the merits. The Strizheuses seek to focus on the structure as it stands today, in 2023, as opposed to the structure that existed at the time that final judgment was entered in the state court action. This does not control the analysis and is flatly prohibited under the Federal Rules of Civil Procedure. *See Prostrollo v. University of South Dakota*, 63 F.R.D. 9, 11 (D.S.D. 1974) (finding that Rule 60(b)(2) relief is unavailable for "evidence which has only come into *existence* after the trial is over, for the obvious reason that to allow such a procedure could mean the perpetual continuation of all trials." (emphasis in original)).

Any construction work that the Strizheuses conducted post-Final Judgment was completed at their own risk. In an eleventh-hour attempt to relitigate the basis for demolition, Plaintiffs allege here that the City has "been aware" that construction has continued and never requested that construction cease. *See* Doc. 1 ¶ 15. The Strizheuses, however, fail to direct the Court to any legal authority supporting a claim against the City based on this allegation.[2] The Strizheuses raised this same flawed argument, without any legal authority in support, in their post-Final Judgment request for injunctive relief in the Second Judicial Circuit in January 2023. Without more, this allegation is nothing more than a smokescreen to create an illusion that the City has operated as a bad actor after the state court entered summary judgment on the merits in January 2022. That implication is disingenuous at best.

As to the Strizheuses' newly-asserted constitutional claims here, claim preclusion bars such claims, which should have been brought as compulsory counterclaims in the state court action. *See Bank of Hoven v. Rausch*, 449 N.W.2d 263, 266-67 (S.D. 1989) (holding that claim in second action was compulsory counterclaim in first action under SDCL § 15-6-13(a) as it arose out of the same transaction or occurrence, and was thus barred by res judicata). The Strizheuses have asserted an Eighth Amendment excessive fine claim, a Fifth Amendment takings claim, a

---

[2] In fact, the Strizheuses' own complaint here alleges that "between 2013 **and October 2021** the City issued a total of eight permits for Plaintiffs to continue construction of the home." *See* Doc. 1 ¶ 8. The Court may judicially notice the fact that summary judgment was issued in the City's favor in January 2022, following a hearing in December 2021. No Rule of Civil Procedure required the City to stop or stay construction on the structure under previously issued permits while the Strizheuses appealed the final judgment to the South Dakota Supreme Court. Likewise, no City Ordinance authorized the City to stop construction on the building under previously issued permits pending the Strizheuses' appeal. *See* Sioux Falls City Ordinance § 150.207(c) ("Where the building official finds any work regulated by this code being performed in a manner either contrary to the provisions of this code or dangerous or unsafe, the building official is authorized to issue a stop work order."). Further, the affidavit of Ben Harvey (Doc. 4) states that his construction company obtained sidewalk and sprinkler system permits in 2022. Neither of these permits related to the building structure itself.

42 U.S.C. § 1983 claim against two City officials based on alleged discrimination in the application and enforcement of Sioux Falls City Ordinance § 150.096, and a civil conspiracy claim against the same two officials. *See* Doc. 1. While the Strizheuses have repackaged their claims into different legal theories, the factual basis of their claims remains the same.

These claims, on their face, arise out of the same nucleus of operative facts and are based on the same factual grounds for the state court action—namely, the basis for demolition of the structure under City Ordinance § 150.096. In this federal action, the Strizheuses seek to delay or prevent demolition of the structure due to their alleged constitutional claims. *See* Doc. 1 ¶ 24 (seeking a preliminary and permanent injunction preventing the City from demolishing the home based on alleged excessive fine and taking without compensation claims). In other words, the wrong that they seek to redress is the same as their resistance to demolition of the house in the state court action. All of their pending claims are barred.

This Court recently dismissed a federal RICO claim under a similar res judicata analysis because it involved the same cause of action as the prior state court action and arose out of the same facts. *See Healy v. Fox*, 572 F. Supp. 3d 730 (D.S.D. 2021), *affirmed* 46 F.4th 739, 744-45 (8th Cir. 2022). The Eighth Circuit Court of Appeals affirmed dismissal on the basis of res judicata. *See Healy v. Fox*, 46 F.4th 739, 745 (noting that "South Dakota law requires only that the actions seek to redress the same wrong, not that they involve the same legal theories.").

To be clear, several courts have dismissed a federal lawsuit alleging constitutional claims or a § 1983 claim on the basis of res judicata when those claims should have been raised in a previous state court action. For example, in *Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir. 1983), the Eighth Circuit affirmed dismissal of a federal complaint, alleging a due process violation under § 1983 because the claim should have been brought in the prior state court

action. Specifically, the City of Vermillion terminated Ruple's employment, so she brought claims against the City of Vermillion for breach of contract and defamation. *Id.* at 861. Ruple's state-court claims were dismissed on summary judgment, with that dismissal affirmed on appeal. *Id.* Subsequently, Ruple brought her federal complaint under § 1983. *Id.* Noting that amendment of pleadings are liberally permitted in both state and federal courts, the Eighth Circuit reasoned that both claims were based on the same facts and concluded that "there [was] no reason why [Ruple] could not have presented her federal theories in the state court." *See id.* at 861-62; *see also Laase v. Cty. of Isanti*, 638 F.3d 853, 857 (8th Cir. 2011) (holding that res judicata barred second, federal lawsuit for excessive fines and takings claims under the Constitution because Laase's constitutional claims were based on the same set of facts as the first state court action addressing whether Laase's vehicle was subject to forfeiture under Minnesota law).

Likewise, in *Thornes v. City of Waldorf*, 2014 WL 4829136 (D. Minn. Sept. 29, 2014), the United States District Court for the District of Minnesota concluded that res judicata barred a federal action alleging claims under the Fourth and Fifth Amendments and dismissed the action with prejudice. In fact, in *Thornes*, the City of Waldorf obtained an order for summary judgment in state court declaring a building owned by Thornes to be hazardous and permitting the City to demolish and raze the building. *Id.* at *4. *Thornes* specifically addressed the "distinct claims and a distinct posture" of the two separate actions—i.e., the City's right to demolish a hazardous building in the state action compared to constitutional claims against the City in the federal action. *See id.* at *8. Importantly, the court reasoned that the distinct claims involved "the same nucleus of operative facts"—that is, "the events leading up to the demolition" of Thornes' building. *Id.* And thus, the court concluded that Thornes' constitutional claims could have been raised as counterclaims in the state court action. *Id.* at *9. The same holds true here.

9

### 2. There was a final judgment on the merits in the previous action.

As noted above, the Circuit Court for the Second Judicial Circuit entered a final judgment on the merits on January 7, 2022, in which it granted the City's motion for summary judgment and ordered the house to be demolished. The Strizheuses appealed that judgment to the South Dakota Supreme Court. On December 29, 2022, the South Dakota Supreme Court issued its decision, in which it affirmed the Circuit Court's final judgment and order of demolition. *See Nelson v. Hawkeye Sec. Ins. Co.*, 369 N.W.2d 379, 381 (S.D. 1985) ("A judgment on the merits is one which is based on legal rights rather than matters of procedure and jurisdiction."); *Ruple v. City of Vermillion*, 714 F.2d 860, 862 (8th Cir. 1983) (finding that the state-court summary judgment, after plaintiff had failed to raise a genuine issue of material fact, "is fully entitled to res judicata effect.").

### 3. The parties in the two actions are the same or in privity.

The City of Sioux Falls initiated the prior state court action against Vitaliy and Nataliya Strizheus, seeking to demolish the unfinished structure under applicable City ordinances. In this action, the same Vitaliy and Nataliya Strizheus have sued the City of Sioux Falls, as well as the current City Attorney and current Building Inspection Manager. Both individuals are sued in their official capacities. At a minimum, the two City officials are in privity with the City as a party in the state-court action. *See Ruple*, 714 F.2d at 862 (concluding that City Council members and Mayor in federal action are in privity with the City, which was a party to the prior state-court action, as they are "so closely related" and "their interests are nearly identical"). This element is clearly met for purposes of res judicata.

    **4. The Strizheuses had a full and fair opportunity to litigate these claims in the prior action.**

The Strizheuses had a full and fair opportunity to litigate these constitutional claims in the prior state court action. These current constitutional claims are based on the application and enforcement of City Ordinance § 150.096, which the Strizheuses could have alleged previously. Federal courts do not have exclusive jurisdiction over the constitutional claims alleged in the Strizheuses' Complaint here. Moreover, the facts underlying the two claims are relevant to one another. Lastly, under South Dakota law, whether a party "had a full and fair opportunity to litigate is not determined by whether it is still possible to find additional evidence concerning that claim." *Estate of Johnson v. Weber*, 898 N.W.2d 718, 733 (S.D. 2017).

    **B.    The Strizheuses' Claims are Barred by the *Rooker-Feldman* Doctrine.**

To the extent the Strizheuses' claims are not barred by res judicata, they are barred by the *Rooker-Feldman* doctrine. Under the *Rooker-Feldman* doctrine, " 'only the United States Supreme Court has been given jurisdiction to review a state-court decision,' so federal district courts generally lack subject-matter jurisdiction over 'attempted appeals from a state court judgment.' " *Friends of Lake View School Dist. Inc. No. 25 of Phillips Cty. v. Beebe*, 578 F.3d 753, 758 (8th Cir. 2009) (quoting 18B Charles Alan Wright et al., *Federal Practice and Procedure* § 4469). While its application is narrow, the *Rooker-Feldman* doctrine bars cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). The Eighth Circuit Court of Appeals has explained the doctrine as follows:

> The *Rooker-Feldman* doctrine forecloses not only straightforward appeals but also more indirect attempts by federal plaintiffs to undermine state court decisions. Thus, a corollary to the basis rule against reviewing judgments prohibits federal

11

> district courts from exercising jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court. A general federal claim is inextricably intertwined with a state court judgment "if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it." In such cases, "where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceedings as, in substance, anything other than a prohibited appeal of the state-court judgment." The state and federal claims need not be identical.

*Lemonds v. St. Louis Cty.*, 222 F.3d 488, 492-93 (8th Cir. 2000) (internal citations omitted).

The Strizheuses attempt to frame their claims as newly pled constitutional claims. But, importantly, the relief that they seek—namely, a "preliminary injunction . . . to prevent imposition of this excessive fine and unconstitutional taking while the merits of this action are tried and determined, and a permanent injunction issued thereafter **preventing the City from demolishing the Plaintiffs' home**"—is a request for this Court to effectively overrule the South Dakota Supreme Court's decision affirming the final judgment in favor of the City, which expressly permits the City to demolish the structure. *See* Doc. 1 ¶ 24 (Strizheuses' request for relief under Count I) (emphasis added). In other words, the Strizheuses are asking the federal District Court to prohibit the City from enforcing its final state court judgment. This request is barred.

The only factual basis for the Strizheuses' alleged injury under the Constitution and § 1983 is the impending enforcement of the state court judgment, specifically the demolition of the house. *See* Doc. 1, Doc. 3. If this Court issues a preliminary or permanent injunction, it will effectively void or reverse the South Dakota state court judgment. The Eighth Circuit has flatly rejected a similar request for injunctive relief under *Rooker-Feldman*. *See Lemonds*, 222 F.3d at 493 (noting that the request for injunctive relief in the federal complaint "would, as a practical matter, directly nullify the final judgment of the state district court . . . ."); *see also Dodson v.*

*Univ. of Ark. for Med. Sciences*, 601 F.3d 750, 754-55 (8th Cir. 2010) ("This court has expressly cautioned against a state court loser seeking victory against his adversary in a subsequent § 1983 action in federal court."). Thus, this Court does not have subject matter jurisdiction over the Strizheuses' claims. And as a result, the Court does not have subject matter jurisdiction to grant the Strizheuses' current request for a preliminary injunction.

      **C.    The Strizheuses are Not Likely to Succeed on the Merits of their Eighth Amendment "Excessive Fine" Claim.**

Even if this Court concludes that it has subject matter jurisdiction to consider the Strizheuses' request for injunctive relief, the Strizheuses are not likely to succeed on the merits of their Eighth Amendment "excessive fine" claim. The basis of the Strizheuses' motion for a preliminary injunction appears to be only their Eighth Amendment "excessive fine" claim. *See* Doc. 3 ¶ 3. To the extent they seek an injunction under their Fifth Amendment "taking" claim (*see* Doc. 1 ¶ 24, pleading injunctive relief for "this excessive fine and unconstitutional taking"), injunctive relief is not available. *See Knick v. Township of Scott*, 139 S. Ct. 2162, 2176-77 (2019) (noting that equitable remedy of injunction is not available to enjoin the government from a taking under the Fifth Amendment because the sole relief available is just compensation); *see also Pharmaceutical Research & Manufacturers of America v. Williams*, 525 F. Supp. 3d 946, 952 (D. Minn. 2021) (providing that a "future taking" does not give rise to a claim under the Takings Clause). Thus, for purposes of their request for a preliminary injunction, the City Defendants will address likelihood of success on the merits with respect to the Eighth Amendment claim.

Under the Eighth Amendment, "excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." *See Timbs v. Indiana*, 139 S. Ct. 682, 687 (2019). The excessive fine clause "limits the government's power to extract payments, whether

13

in cash or in kind, as punishment for some offense." *United States v. Bajakajian*, 524 U.S. 321, 327-28 (1998) (internal quotation omitted). Civil forfeitures are subject to a fact-intensive proportionality analysis to ensure the forfeiture is not an excessive penalty. *See, e.g.*, *United States v. Bieri*, 68 F.3d 232, 236 (8th Cir. 1995). But no authority supports the application of the "Excessive Fine" clause to demolition of a structure. And the Strizheuses have failed to provide a basis for this Court to extend the clause's application to the facts here.

First, at the time that the Constitution was adopted, "the word 'fine' was understood to mean a payment to a sovereign as punishment for some offense." *Browning-Ferris Industries of Vt., Inc. v. Kelco Disposal, Inc.*, 492 U.S. 257, 265 (1989). Here, demolition of the house will not be a payment to the City of Sioux Falls. Thus, the demolition is not a "fine" under the Eighth Amendment. Second, the demolition is not "punishment" under the Eighth Amendment. *See John Corp. v. City of Houston*, 214 F.3d 573, 580 (5th Cir. 2000) (holding that a City's demolition of a building is not "punishment" under the Excessive Fine Clause, and therefore the building owner's Eighth Amendment claim was frivolous). Third, the Strizheuses also allege that the house today is worth approximately $2.75 million. *See* Doc. ¶ 17. Even if this allegation is true, such a "loss" following demolition is wholly self-imposed by the Strizheuses. Continued construction at their direction pending their appeal of the final state-court judgment was, again, conducted at the Strizheuses' own risk. The facts here simply do not fall under the purview of the Eighth Amendment excessive fine clause, and the Strizheuses have failed to demonstrate otherwise.

## II.    PLAINTIFFS FAIL TO SHOW IRREPARABLE HARM.

The movant must also establish a threat of irreparable harm. *See Dataphase* 640 F.2d at 113. "Irreparable harm occurs when a party has no adequate remedy at law, typically because its

injuries cannot be fully compensated through an award of damages." *General Motors Corp. v. Harry Brown's, LLC*, 563 F.3d 312, 319 (8th Cir. 2009); *see also Iowa Utilities Bd. v. F.C.C.*, 109 F.3d 418, 426 (8th Cir. 1996) (providing that economic losses that are recoverable do not constitute irreparable harm).

The Strizheuses have alleged a monetary loss of the structure as it purportedly exists today if the house is demolished. *See* Doc. 1 ¶ 17 (alleging that the house is currently worth approximately $2.75 million). In addition to the undisputable fact that this "loss" is self-imposed given the final judgment entered by the state court over a year ago, this allegation also undeniably undermines any argument that the Strizheuses will suffer irreparable harm if the house is demolished. And the Strizheuses' argument with respect to the "uniqueness" of a parcel of real property is misplaced. The City will not take the Strizheuses' real property in demolishing the structure that remains unfinished on their property. Following demolition, the Strizheuses will still own their real property. This factor weighs against entry of a preliminary injunction.

### III.  THE PUBLIC INTEREST AND BALANCING THE HARMS WEIGH IN FAVOR OF DENYING THE STRIZHEUSES' REQUEST FOR INJUNCTIVE RELIEF.

The remaining two *Dataphase* factors also weigh against the Strizheuses' request for a preliminary injunction. The public interest weighs in favor of enforcing final judgments, like the final judgment that exists in the prior state court action here. And while protection of constitutional rights always serves the public interest, principles of res judicata clearly demonstrate that the Strizheuses had every opportunity to present and litigate their current constitutional claims in the prior state court action. As the United States Supreme Court has stated, "to preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility

of inconsistent decisions." *Montana v. United States*, 440 U.S. 147, 153-54 (1979). This dispute regarding the unfinished structure on the Strizheuses' property has gone on for several years. Balancing the harms, the City is entitled to proceed under its existing final judgment.

## CONCLUSION

For these reasons, the City Defendants respectfully request that the Court deny the Strizheuses' motion for a preliminary injunction.

Dated at Sioux Falls, South Dakota, this 23rd day of February, 2023.

                                      CADWELL SANFORD DEIBERT & GARRY LLP

                                      By  */s/ William C. Garry*
                                            William C. Garry
                                            Claire E. Wilka
                                            200 East 10th St., Suite 200
                                            Sioux Falls SD 57104
                                            bgarry@cadlaw.com
                                            cwilka@cadlaw.com
                                            (605) 336-0828
                                            Attorneys for Defendants