UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VITALIY STRIZHEUS AND NATALIYA STRIZHEUS,<br><br>Plaintiffs,<br><br>vs.<br><br>STACY KOOISTRA as CITY ATTORNEY for the CITY OF SIOUX FALLS; NEIL KING as BUILDING INSPECTION MANAGER for the CITY OF SIOUX FALLS; and THE CITY OF SIOUX FALLS, SOUTH DAKOTA,<br><br>Defendants. | 4:23-cv-04028-RAL<br><br><br>**CITY DEFENDANTS' SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

Defendants Stacy Kooistra as City Attorney for the City of Sioux Falls, Neil King as Building Inspection Manager for the City of Sioux Falls, and the City of Sioux Falls, South Dakota (collectively "the City Defendants"), by and through their counsel of record, submit the following as their Supplemental Brief in Opposition to Plaintiffs' Motion for Preliminary Injunction for the limited purpose of responding to Plaintiffs' untimely Brief in Support of their Motion for a Preliminary Injunction.

**ARGUMENT**

First, the Strizheuses' Brief in Support of their Motion for a Preliminary Injunction and Affidavit of Barry Sackett should be stricken as untimely under D.S.D. LR 7.1, which requires briefs to be filed with motions to the Court. Second, the "factual background" provided in the Strizheuses' brief is rife with speculation and completely devoid of any foundation or record

1

support. Such "facts" are wholly irrelevant to the argument they have presented at the eleventh hour and inadmissible without evidentiary support.

**I.      The Affidavit of Barry Sackett with enclosed exhibits must be stricken.**

The affidavit of counsel with its attached exhibits is a clear and intentional violation of Federal Rule of Evidence 408. Rule 408 unmistakably states that settlement negotiations and communications are prohibited as evidence, unless limited exceptions in Rule 408(a)(2) or (b) are met. None of those exceptions apply here. The exhibits are, without a shred of doubt, inadmissible settlement negotiations between counsel for the Strizheuses and counsel for the City that have zero relevance to the Strizheuses' legal claims. In addition, the affidavit of counsel—which reads more like a factual witness's testimony that an attorney of record—is replete with inadmissible hearsay with *zero* factual support or foundation in the enclosed exhibits. The entire affidavit of counsel and all exhibits are wholly improper on their face and must be stricken.

**II.     The Strizheuses cannot escape res judicata or *Rooker-Feldman*'s application and are thus not likely to succeed on the merits of their claims.**

The Strizheuses' legal arguments are largely conclusory. The City Defendants will not repeat its previous arguments. But briefly, like their other claims, the Strizheuses' allegation that City Ordinance § 150.096 is unconstitutional on its face and as applied is barred. They could have and should have litigated that claim in the prior state court action.

The Strizheuses' ginned up, although vague, claims regarding the City's actions or communications post-final judgment are not likely to succeed on the merits. Their position appears to be that because the City did not settle on the Strizheuses' terms after the Circuit Court entered final judgment regarding demolition, and again after the Supreme Court affirmed that final judgment, the City violated the Constitution. This theory is a nonstarter; it is not based on any admissible evidence and has zero factual support. *See* Fed. R. Evid. 408. The Strizheuses'

baseless, unsupported assertions do not escape res judicata or *Rooker-Feldman*. And they certainly are not sufficient to meet the Strizheuses' burden under the *Dataphase* factors.

The Strizheuses argue that they are not "seeking direct relief from the state-court judgment." *See* Doc. 18 at 10. This statement could not be farther from the truth. The very relief they seek from this Court is a preliminary injunction enjoining demolition of the structure, which is the basis of the state court judgment. This is a classic *Rooker-Feldman* scenario.

Furthermore, the Strizheuses' brief, affidavit of counsel, their exhibits submitted with the affidavit of counsel, and the Complaint do not contain a single factual reference to City Defendants Kooistra and King, calling into question the merits of naming either City official as defendants in this lawsuit. Alleging that these officials discriminated against the Strizheuses without any basis in law or fact is problematic.

The Strizheuses fail to meet their burden under the *Dataphase* factors. For these reasons and all reasons set forth in the City's Brief in Opposition to Plaintiffs' Motion for a Preliminary Injunction, the City Defendants respectfully request that the Court deny the motion for a preliminary injunction.

Dated at Sioux Falls, South Dakota, this 24th day of February, 2023.

CADWELL SANFORD DEIBERT & GARRY LLP

By  /s/ William C. Garry
   William C. Garry
   Claire E. Wilka
   200 East 10th St., Suite 200
   Sioux Falls SD 57104
   bgarry@cadlaw.com
   cwilka@cadlaw.com
   (605) 336-0828
   Attorneys for Defendants