IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| VITALIY STRIZHEUS AND NATALIYA STRIZHEUS,<br><br>Plaintiffs,<br><br>v.<br><br>THE CITY OF SIOUX FALLS, SOUTH DAKOTA,<br><br>Defendant. | CASE NO. 23-cv-04028-RAL<br><br><br><br>**SECOND AMENDED COMPLAINT AND JURY DEMAND** |

The Plaintiffs, for their Second Amended Complaint against the Defendant, state:

**PARTIES**

1. Vitaliy Strizheus and Nataliya Strizheus (hereinafter "Plaintiffs"), are husband and wife and are residents of Sioux Falls, Lincoln County, South Dakota.

2. The City of Sioux Falls, (hereinafter "the City") is a municipality organized and existing under the laws of the State of South Dakota.

**JURISDICTION AND VENUE**

3. This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1331 as Plaintiffs' claims arise under the Constitution and laws of the United States.

4. This court has jurisdiction over the Plaintiffs' claims arising under the laws or Constitution of the State of South Dakota under principles of supplemental jurisdiction under 28 U.S.C. § 1367.

1

5. Venue is proper in this district as the wrongdoing alleged herein occurred in this district and thus a "substantial part of the actions or omissions giving rise to [these claims]" occurred in this district within the meaning of 28 U.S.C. § 1391(b)(2).

## FACTUAL BACKGROUND

6. In 2013 Plaintiffs purchased land at 6800 S. Westfield in Sioux Falls to construct a family home (hereinafter, the "Home").

7. On August 12, 2013 a building permit was issued by the City for Plaintiffs to begin construction on the Home.

8. Construction stalled in 2016 for family health and financial reasons.

9. On August 31, 2016, the City found the Home to be an "unsafe structure" pursuant to the City of Sioux Falls City Ordinance § 150.096.

10. The City subsequently issued a notice of demolition ordering Plaintiffs to begin demolition of the home pursuant to City of Sioux Falls City Ordinance §150.096. That specific Ordinance provides:

> **The code official shall order the owner or the owner's authorized agent of any premises upon which is located any structure, which in the code official's or owner's authorized agent judgment after review is so deteriorated or dilapidated or has become so out of repair as to be dangerous, unsafe, insanitary, or otherwise unfit for human habitation or occupancy, and such that it is unreasonable to repair the structure, or to demolish and remove such structure; or if such structure is capable of being made safe by repairs, to repair and make safe and sanitary, or to be board up and hold for future repair or to demolish and remove at the owner's option; or where there has been a cessation of normal construction of any structure for a period of more than 18 months, the code official shall order the owner or owner's authorized agent to demolish and remove such structure.**

11. The Plaintiffs appealed the order for demolition to the Property Maintenance Board of Appeals and the Board granted Plaintiffs an extension until December 1, 2016 to

complete the exterior of the home.  The Plaintiffs remained in possession of a valid building permit issued by the City.

12.     On September 22, 2017, the City issued an amended notice and order of demolition under City of Sioux Falls City Ordinance § 150.096, requiring demolition of the Home by November 11, 2017.

13.     On December 10, 2018, the City filed a complaint in South Dakota Circuit Court (hereinafter "Circuit Court") to enforce the ordinance and the order of demolition.  An Amended Complaint was filed on January 8, 2019.

14.     In response to the complaint, as a show of good faith intent to continue working towards completion of the Home, Plaintiffs applied for and received another building permit for the Home from the City.

15.     The City filed a motion for summary judgment in the Circuit Court action.  The Plaintiffs appeared pro se.  After hearing on December 28, 2021, the Circuit Court granted the City summary judgment enforcing the demolition order on January 7, 2022.

16.     Upon appeal by Plaintiffs, the South Dakota Supreme Court affirmed the decision of the Circuit Court on December 29, 2022.

17.     Between 2013 and present day, the City issued a total of eighteen permits for Plaintiffs to continue construction of the Home, two of which were issued in 2022, and the Home has passed thirteen inspections.

18.     Since at least December 28, 2021, the date of the summary judgment hearing, the City has been aware that construction work at the Home has been ongoing.  The City never requested that construction cease and never rejected any requests by Plaintiffs to finish construction.

19. At the present time the exterior of the Home and all landscaping has been completed. The interior electrical, plumbing, and drywall are finished. The interior is ready for painting and other finish work. The Home is not "so deteriorated or dilapidated" or "so out of repair as to be dangerous, unsafe, insanitary, or otherwise unfit for human habitation or occupancy" within the meaning of City of Sioux Falls City Ordinance § 150.096 relied upon by the City.

20. The Home has a present value of approximately $2.75 million. (See Ex. 1 attached hereto, true and correct copies of the home as it stands today).

21. In January, 2023, Plaintiffs proposed to the City that the property be sold to a third party who would agree to complete construction by the end of 2023 and submitted a signed purchase agreement. The City rejected this proposal.

22. On February 16, 2023, the City applied for a Residential Building Razing permit, which was then issued on February 17, 2023.

23. The City advised Plaintiffs by letter that the City will begin demolition of Plaintiffs' home on February 27, 2023.

**COUNT I: 42 U.S.C. § 1983 CLAIM FOR EXCESSIVE FINE**

24. Plaintiffs incorporate paragraphs 1-23 of the Complaint as if fully set forth herein.

25. 42 U.S.C. § 1983 gives Plaintiffs a cause of action against persons acting under color of state law to deprive them of constitutional rights. The City is a person acting under color of state law. The Eighth Amendment to the Constitution of the United States prohibits imposition of Excessive Fines. The prohibition on Excessive Fines applies both in civil and criminal actions.

26. The Eighth Amendment prohibition on Excessive Fines has been made applicable to states and their subdivisions (including cities) by the Fourteenth Amendment to the Constitution of the United States. A right under the Eighth Amendment is triggered when a sanction is sought that is at least in part punitive. The City's campaign to demolish the Home is in part or in whole punitive.

27. The Eighth Amendment prohibits fines that are "grossly disproportionate" to the offense. The City wishes to demolish the Home, worth approximately $2.75 million, as punishment for a past violation of the City's nuisance ordinance. On or about January 26, 2018, law enforcement officials acting at the behest of the City criminally charged plaintiff Vitality Strizheus for creating a public nuisance. The charge remains pending. The maximum penalty as provided for by South Dakota law is a fine of $2,000 and one year in County jail. A punishment of $2.75 million is grossly disproportionate to any civil or criminal sanction that could be lawfully imposed on the Plaintiffs.

28. A civil claim for violation of the Eighth Amendment becomes ripe when the punishment is imposed or is imminent. The punishment became imminent when the City made a final determination that the Home was to be demolished. As of January 11, 2023 the City was considering whether to allow the Plaintiffs to complete the Home, allow them to sell it to a third party, or demolish it. The City decided to proceed with demolition sometime between January 11, 2023 and February 27, 2023, with the precise date to be ascertained in discovery, but no later than February 27, 2023, the date on which the City informed the Plaintiffs that the City intended to demolish the Home.

29. The Home does not currently meet the definition of deteriorated, dilapidated or out of repair under City of Sioux Falls City Ordinance § 150.096. Despite the City having

obtained an order in as of January 7, 2022 allegedly allowing the City to demolish the Home, the City continued to issue construction permits and the Home successfully passed twelve City inspections between January 7, 2022 and today.

30. Demolition of the Home is a grossly disproportionate punishment and thus violates the Eighth and Fourteenth Amendments.

WHEREFORE, as to Count I Plaintiffs pray that this Court:

31. Issue a Declaratory Judgment that demolition of the Home is an Excessive Fine in violation of the Eighth and Fourteenth Amendments;

32. Award Plaintiffs compensatory and punitive damages;

33. Award Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and any other statute or principle of law; and

34. Order such other relief as the Court deems just and equitable.

### COUNT II: CLAIM FOR EXCESSIVE FINE UNDER STATE CONSTITUTION

35. Plaintiffs incorporate Paragraphs 1-34 as if set forth fully herein.

36. Section 23 of Article VI of the Constitution of the State of South Dakota prohibits imposition of Excessive Fines.

37. Section 23 of Article VI applies to both civil and criminal actions and prohibits punishments that are grossly disproportionate to the offense.

38. For the reasons set forth above, demolition of the home is an Excessive Fine under the state constitution.

WHEREFORE, as to Count II Plaintiffs pray that this Court:

39. Issue a Declaratory Judgment that demolition of the Home is an Excessive Fine in violation of the state constitution;

40. Award Plaintiffs compensatory and punitive damages;

41. Award Plaintiffs attorney's fees under any applicable statute or principle of law;

42. Order such other relief as the Court deems just and equitable.

**COUNT III: 42 U.S.C. § 1983 CLAIM FOR UNCONSTITUTIONAL TAKING**

43. Plaintiffs incorporate paragraphs 1-42 as if set forth fully herein.

44. 42 U.S.C. § 1983 gives Plaintiffs a cause of action against persons acting under color of state law to deprive Plaintiffs of their constitutional rights. The City is a person acting under color of state law. The Fifth Amendment to the Constitution of the United States guarantees that private property shall not be taken without just compensation.

45. The Fifth Amendment has been made applicable to the states and their subdivisions (such as cities) by the Fourteenth Amendment.

46. The Fifth Amendment provides that "private property [shall not] be taken for public use, without just compensation."

47. Because the Home is not a nuisance, demolition of the Home is not a taking for a "public use." The City does not propose to convert the property on which the Home stands to a public use such as a park or museum. Thus, the demolition of the Home violates the Fifth and Fourteenth Amendments.

48. Even if the City has a public use for the property, it has engaged in a regulatory taking of the property without just compensation. The City's threat of possible demolition of the Home has made it unmarketable and the City's refusal to halt demolition of the Home scuttled a binding, arm's length agreement to sell the Home to a third party.

49. The City has also engaged in a *per se* physical taking of the property under the rule of *Cedar Point Nursery v. Hassid*, 141 S.Ct. 2063 (2021). Under that rule, a governmental order giving access to private property so as to interfere with the enjoyment of it by its rightful owners is a *per se* physical taking, even if no physical invasion has yet taken place. The Plaintiffs are the rightful owners of the Home and the land upon which it is erected and thus the City's demolition of the Home interferes with – indeed destroys – their enjoyment of their property and is a *per se* physical taking.

50. This Count became ripe at some point between January 11, 2023 and February 27, 2023. As of January 11, 2023 the City was considering whether to allow the Plaintiffs to complete the Home, allow them to sell it to a third party, or demolish it. The City decided to proceed with demolition sometime between January 11, 2023 and February 27, 2023, with the precise date to be ascertained in discovery, but no later than February 27, 2023, the date that the City informed the Plaintiffs that the City intended to demolish the Home.

51. Plaintiffs are entitled to just compensation for this taking and none has been forthcoming.

WHEREFORE, as to Count III Plaintiffs pray that this Court:

52. Issue a Declaratory Judgment that demolition of the Home is a Taking in violation of the Fifth and Fourteenth Amendments;

53. Award Plaintiffs compensatory and punitive damages;

54. Award Plaintiffs attorney's fees under 42 U.S.C. § 1988 and any applicable statute or principle of law;

55. Order such other relief as the Court deems just and equitable.

## COUNT IV:  TAKING IN VIOLATION OF THE STATE CONSTITUTION

56. Plaintiffs incorporate paragraphs 1-55 as if set forth fully herein.

57. Section 16 of Article VI of the South Dakota provides that private property shall be taken only for a public use and with just compensation.  The City by not taking the property for a public use and not tendering just compensation to the Plaintiffs is in violation of this provision of the state constitution.

58. For the reasons set forth above, the City's demolition of the Home is a violation of the state constitution.

WHEREFORE, as to Count IV Plaintiffs pray that this Court:

59. Issue a Declaratory Judgment that demolition of the Home is a Taking in violation of the state constitution;

60. Award Plaintiffs compensatory and punitive damages;

61. Award Plaintiffs attorney's fees under any applicable statute or principle of law;

62. Order such other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable herein.

Dated April 21, 2023.

> By:  /s/ Jeana L. Goosmann
> Jeana L. Goosmann
> Barry S. Sackett
> Goosmann Law Firm, PLC
> 2101 W. 69th St., Ste. 200
> Sioux Falls, SD  57108
> Phone: (605) 371-2000
> GoosmannJ@Goosmannlaw.com
> SackettB@Goosmannlaw.com

9

Paul D. Lundberg
Goosmann Law Firm, PLC
410 5th Street
Sioux City, IA 51101
Phone: (712) 226-4000
LundbergP@Goosmannlaw.com

Patrick J. Borchers, *pro hac vice*
2500 California Plaza
Omaha, NE 68178
Phone: (402) 850-4969
borcherslaw@gmail.com

*Attorneys for Plaintiffs Vitaliy and Nataliya Strizheus*